UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GUNN, #731468,

Petitioner,

Case No. 15-cv-10663

v.

Honorable Matthew F. Leitman

LORI GIDLEY,

Respondent.

__________________________________/

**ORDER DENYING PETITIONER'S MOTION TO STAY (ECF #3), DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF #1), DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

## I. Introduction

Michigan prisoner James Gunn ("Petitioner"), acting pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* the "Petition," ECF #1.) Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct and sentenced to a term of imprisonment of up to 30 years. Petitioner now raises claims regarding the use of shackles at trial, the effectiveness of trial counsel (as to fingerprint evidence and the scoring of offense variables), a limitation on cross-examination of the victim, the scoring of two offense variables, and the assessment of a crime victims' rights fee.

The matter is before the Court on initial screening and Petitioner's motion to stay the proceedings (the "Motion to Stay," ECF #3). Petitioner seeks to stay the action because he is pursuing collateral review in the state courts on additional claims regarding the effectiveness of trial and appellate counsel (the "Unexhausted Claims"). (*See id.*) For the reasons discussed below, the Court **DENIES** the Motion to Stay and **DISMISSES** the Petition without prejudice. The Court also **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as

federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the habeas petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner indicates that he has not exhausted all of his potential habeas claims in the state courts. He states that he filed a motion for relief from judgment with the state trial court concerning the Unexhausted Claims, that the motion was denied, and that he intends to appeal the trial court's decision in the state appellate courts. Petitioner must complete the state court process before seeking habeas review of the Unexhausted Claims. *See O'Sullivan*, 526 U.S. at 845; *Rust*, 17 F.3d at 160.

Even though Petitioner's pending motion in state court does not involve the exhausted claims now pending in this Court, the resolution of his state court motion may result in the reversal of his conviction on another ground, thereby mooting the exhausted claims now pending here. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D.

Mich. April 13, 2000). Under these circumstances, dismissal of the Petition without prejudice, rather than a stay of the proceedings, is warranted. *See Sherwood*, 716 F.2d at 634; *Payne v. MacLaren*, No. 14-11427, 2014 WL 668774, at *3 (E.D. Mich. Nov. 26, 2014); *Davis v. Warren*, No. 13-15215, 2014 WL 186097, at *2 (E.D. Mich. Jan. 16, 2014); *Glenn v. Rapelje*, No. 11-12759, 2011 WL 5039881, at *2 (E.D. Mich. Oct. 24, 2011); *Humphrey*, 2008 WL 4858091 at *1.

A stay is not necessary in this case because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2241(d), is not likely to affect Petitioner's ability to assert his claims in this Court. The Michigan Supreme Court denied Petitioner leave to appeal on direct appeal on May 27, 2014. *People v. Gunn*, 495 Mich. 1004, 846 N.W.2d 389 (May 27, 2014). Petitioner's conviction became final 90 days later, on or about August 25, 2014. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Petitioner then had one year to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2). But Petitioner tolled the limitations period by properly filing his state court motion for relief from judgment on October 22, 2014. The one-year period will continue to be tolled until Petitioner completes his post-conviction appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S.

214, 220-21 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). At the time that Petitioner tolled the limitations period by filing his state court motion (on October 22, 2014), only 58 days of the limitations period had passed. Accordingly, 307 more days remain available. Petitioner has sufficient time – about 10 months – to file a new petition containing all of his habeas claims upon the completion of the state court proceedings. Under these circumstances, a stay of this action is not appropriate. *See, e.g.*, *Schroeder v. Renico*, 156 F.Supp.2d 838, 845-46 (E.D. Mich. 2011); *Payne*, 2014 WL 6686774 at *4; *Montanez v. Rapelje*, No. 13-14763, 2014 WL 700505, at *2-3 (E.D. Mich. Feb. 24, 2014); *Glenn*, 2011 WL 5039881 at *3; *Humphrey*, 2008 WL 4858091 at *2.

## III. Conclusion

For all the reasons discussed in this Order, the Court **DENIES** Petitioner's Motion to Stay (ECF #3) and **DISMISSES** the Petition (ECF #1) **WITHOUT PREJUDICE**. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a

certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal would be frivolous. Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113